# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00099-APG-PAL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE** |
| MICHAEL KNAPP, | (ECF No. 110) |
| Defendant. | |

Federal Inmate Michael Knapp moves to vacate his sentence under 28 U.S.C. § 2255. He contends that his sentence enhancement for being a career offender under the United States Sentencing Guidelines is infirm after *Johnson v. United States*, in which the Supreme Court struck down part of a similar enhancement in the Armed Career Criminal Act.[1] I initially stayed Knapp's motion because a case pending before the Supreme Court, *Beckles v. United States*, would potentially dispose of it.[2] After the *Beckles* decision was issued in March 2016, Knapp moved for additional time to supplement his motion to vacate. I granted his motion, giving Knapp until June 12, 2017 to file his supplement.[3] That deadline passed and Knapp failed to file any additional authority or analysis to support his arguments. I thus lift the stay and address his original motion.

Knapp argues that his career offender enhancement under the U.S. Sentencing Guidelines is infirm because, in *Johnson*, the Supreme Court held that a similar enhancement was unconstitutionally vague in the Armed Career Criminal Act.[4] But the *Beckles* decision squarely defeats Knapp's argument: the High Court held that "the advisory Sentencing Guidelines are not

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).
[2] ECF No. 124.
[3] ECF No. 128.
[4] ECF No. 110 at 3.

subject to a vagueness challenge."[5]  The Court explained that *Johnson* is of no help to defendants like Knapp who seek to challenge their career offender status under the Sentencing Guidelines.[6]

Because Knapp's only argument relies on *Johnson*, and because the Supreme Court has expressly held that *Johnson* does not apply here, Knapp's motion is defeated both by 28 U.S.C. § 2255's procedural bar and on the merits.  Because Knapp's motion was untimely, § 2255 allows Knapp to challenge his sentence only if he relies on a constitutional right newly recognized by the Supreme Court—and in light of *Beckles* he no longer does.[7]  And in any event, it is clear that his challenge fails on the merits under *Beckles*.

To appeal this order, Knapp must receive a certificate of appealability from a circuit or district judge.[8]  To obtain this certificate, Knapp "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[9]  Given the express authority holding that Knapp is barred from bringing his challenge, I deny his request for a certificate of appealability.

IT IS THEREFORE ORDERED that the defendant's motion under 28 U.S.C. § 2255 **(ECF No. 110) is DENIED**.

---

[5] *Beckles v. United States*, 137 S. Ct. 886, 888 (2017).

[6] *Id.*

[7] Because Knapp did not file his motion within one year of his judgment, 28 U.S.C. § 2255 requires that he file his motion within "one year of the date on which the right asserted was initially recognized by the Supreme Court."  But because he cannot assert the right recognized in *Johnson*, he missed his filing deadline.

[8] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[9] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

IT IS FURTHER ORDERED that the defendant's request for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the defendant's request an evidentiary hearing is **DENIED.**

DATED this 2nd day of August.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE